UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS LOUIS GRIMES,

    Petitioner,

v.

    CASE NO. 17-13076
    HONORABLE VICTORIA A. ROBERTS

R. HAAS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR A STAY [3]
AND DISMISSING THE HABEAS PETITION [1] WITHOUT PREJUDICE**

On September 15, 2017, petitioner Travis Louis Grimes filed a *pro se* habeas corpus petition challenging his state convictions for first-degree murder, *see* Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony, *see* Mich. Comp. Laws § 750.227b. About three months later on December 4, 2017, Petitioner filed a motion to stay this case while he returns to state court and pursues state remedies. For the reasons given below, the Court finds it unnecessary to hold the habeas petition in abeyance. Accordingly, the Court will deny Petitioner's motion for a stay and dismiss his habeas petition without prejudice.

**I. Background**

Petitioner was tried before a jury in Wayne County Circuit Court and found guilty in 2015 of first-degree murder and felony firearm, second offense. The trial court sentenced Petitioner to life imprisonment for the murder conviction and to five years in prison for the felony-firearm conviction. In an appeal of right, Petitioner argued that the trial court's comments during trial violated his right to present a defense because the

comments had the effect of excluding testimony from a potential defense witness.  He also argued that defense counsel provided ineffective assistance when he rested his case without calling the witness.  The Michigan Court of Appeals rejected these claims and affirmed Petitioner's convictions in an unpublished, *per curiam* decision.  See *People v. Grimes*, No. 327489, 2016 WL 5405239 (Mich. Ct. App. Sept. 27, 2016).

Petitioner raised the same issues in an application for leave to appeal in the Michigan Supreme Court.   He also raised new claims, alleging that:  neither the trial court, nor defense counsel, would allow a continuance so that the missing witness could testify; he was denied adequate trial transcripts during the appellate process; the police and prosecutor engaged in a malicious and vindictive prosecution; the trial court was biased and improperly instructed the jury; and appellate counsel was ineffective.  On May 2, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it.  *See People v.* Grimes, 500 Mich. 983; 894 N.W.2d 44 (2017).

On September 15, 2017, Petitioner filed his habeas corpus petition.  He alleges as grounds for relief that:  (1) the trial court denied him the ability to present a defense, and trial counsel was ineffective because an endorsed defense witness did not testify; (2) the trial court and defense counsel would not allow a continuance in connection with his principal witness; (3) he was denied his right to an appeal with adequate trial transcripts; (4) the police and prosecutor engaged in a malicious and vindictive prosecution; (5) the trial court engaged in judicial misconduct and instructed the jury improperly; and (6) appellate counsel was ineffective for failing to provide timely transcripts and for failing to raise meritorious issues on appeal.  In his motion for a stay,

Petitioner acknowledges that he did not exhaust state remedies for some of these claims. He asks the Court to hold his habeas petition in abeyance while he presents his unexhausted claims to the state courts in a motion for relief from judgment.

## II.  Discussion

The Supreme Court has stated that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. § 2254(b)(1), (c)). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *Id.* at 845. Thus, to properly exhaust state remedies, prisoners must fairly present the factual and legal basis for each of their claims to the state court of appeals and to the state supreme court before raising the claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). The total exhaustion rule requires federal courts to dismiss "mixed" petitions, that is, those containing both exhausted and unexhausted claims, without prejudice and to allow petitioners to return to state court to present their unexhausted claims to that court in the first instance. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

The habeas petition and exhibits in this case indicate that Petitioner exhausted state remedies for his first claim by raising that claim in the Michigan Court of Appeals and in the Michigan Supreme Court. But he raised his other claims only in the Michigan Supreme Court, and the submission of a new claim to a state's highest court on discretionary review does not constitute "fair presentation" of the claim to the state courts, and it does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S.

3

346, 349, 351 (1989). Thus, Petitioner's habeas petition currently consists of exhausted and unexhausted claims.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved a "stay-and-abeyance" procedure in which a federal court stays the federal proceeding and holds the habeas petition in abeyance while the petitioner returns to state court to pursue state remedies for his previously unexhausted claims. *Id.* at 275. After the petitioner exhausts state remedies, the district court can lift the stay and allow the petitioner to proceed in federal court. *Id.* at 275-76. A district court should stay, rather than dismiss, a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

But the reason for staying a mixed habeas petition, rather than dismissing the petition, is to prevent a subsequent habeas petition from being barred by the one-year statute of limitations for habeas petitions, 28 U.S.C. § 2244(d), while the prisoner is pursuing state remedies. *See Rhines,* 544 U.S. at 275 (stating that, "[a]s a result of the interplay between [the Antiterrorism and Effective Death Penalty Act's] 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.").

The statute of limitations in this case has run only a few months,[1] and it will stop running when Petitioner files a proper application for state post-conviction review with respect to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). Following the state courts' review of Petitioner's unexhausted claims, he should have enough time to file a subsequent habeas corpus petition in federal court without running afoul of the statute of limitations.

The Court concludes that a stay is not necessary and that it is not an abuse of discretion to deny Petitioner's request for a stay. Accordingly, the Court denies Petitioner's motion for a stay (ECF No. 3) and summarily dismisses the habeas petition (ECF No. 1) without prejudice.

                                                                 S/Victoria A. Roberts
                                                                  VICTORIA A. ROBERTS
Dated: December 13, 2017             United States District Judge

---

[1] The one-year limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for writ of certiorari to review a judgment entered by a state court of last resort must be filed in the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1.

The Michigan Supreme Court denied leave to appeal in Petitioner's case on May 2, 2017, and Petitioner states that he did not seek a writ of certiorari in the United States Supreme Court. Therefore, his convictions became final on July 31, 2017, ninety days after the state supreme court denied leave to appeal. The statute of limitations began to run on the following day.