UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS LOUIS GRIMES,

        Petitioner,

v.                            CASE NO. 17-13076
                                HONORABLE VICTORIA A. ROBERTS

R. HAAS,

        Respondent.

_____/

**ORDER:  (1)  GRANTING PETITIONER'S MOTION TO RE-OPEN CASE [7];
(2) DENYING AS UNNECESSARY PETITIONER'S APPLICATION
TO PROCEED WITHOUT PREPAYING FEES OR COSTS [6];
(3) DENYING PETITIONER'S MOTIONS FOR AN EVIDENTIARY HEARING
AND FOR APPOINTMENT OF COUNSEL [8, 9];
(4) DIRECTING THE CLERK TO AMEND THE DOCKET AND TO SERVE THE
AMENDED PETITION ON THE STATE; AND (5) DIRECTING THE STATE TO FILE
A RESPONSIVE PLEADING AND THE STATE-COURT RECORD**

On September 15, 2017, Petitioner Travis Louis Grimes filed a *pro se* habeas

corpus petition challenging his state convictions for first-degree murder, Mich. Comp.

Laws § 750.316, and possession of a firearm during the commission of a felony (felony

firearm), *see* Mich. Comp. Laws § 750.227b.  About three months later, on December 4,

2017, Petitioner filed a motion to stay this case while he returned to state court and

pursued state-court remedies.  On December 13, 2017, the Court denied Petitioner's

motion for a stay and dismissed his habeas petition without prejudice because a stay was

unnecessary to protect Petitioner's right to pursue habeas relief.  *See* Order, ECF No. 4.

Now before the Court are:  Petitioner's amended petition for the writ of habeas

corpus (ECF No. 5); his application to proceed without prepaying fees or costs (ECF No.

6); and his motions to re-open this case (ECF No. 7), for an evidentiary hearing (ECF No. 8), and for appointment of counsel (ECF No. 9).

## I. Background

Petitioner was tried before a jury in Wayne County Circuit Court and found guilty of first-degree murder and felony firearm, second offense, in 2015. The trial court sentenced Petitioner to life imprisonment for the murder conviction and to five years in prison for the felony-firearm conviction. In an appeal of right, Petitioner argued that the trial court's comments during trial violated his right to present a defense because the comments had the effect of excluding testimony from a potential defense witness. He also argued that defense counsel provided ineffective assistance by resting his case without seeking a continuance so that he could produce the defense witness. The Michigan Court of Appeals affirmed Petitioner's convictions after concluding that his claims did not warrant relief. *See People v. Grimes*, No. 327489, 2016 WL 5405239 (Mich. Ct. App. Sept. 27, 2016) (unpublished).

Petitioner raised the same issues in an application for leave to appeal in the Michigan Supreme Court. He also raised new claims, alleging that: the trial court and defense counsel would not allow a continuance so that the missing witness could testify; he was denied adequate trial transcripts during the appellate process; the police and prosecutor engaged in a malicious and vindictive prosecution; the trial court was biased and improperly instructed the jury; and appellate counsel was ineffective. On May 2, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Grimes*, 500 Mich. 983; 894 N.W.2d 44 (2017).

On September 15, 2017, Petitioner filed his initial habeas corpus petition.  (Pet. ECF No. 1.)  He alleged as grounds for relief that:  (1) the trial court denied him the ability to present a defense, and trial counsel was ineffective because an endorsed defense witness did not testify; (2) the trial court and defense counsel would not allow a continuance in connection with his principal witness; (3) he was denied his right to an appeal with adequate trial transcripts; (4) the police and prosecutor engaged in a malicious and vindictive prosecution; (5) the trial court engaged in judicial misconduct and instructed the jury improperly; and (6) appellate counsel was ineffective for failing to provide timely transcripts and for failing to raise meritorious issues on appeal.

In a motion for a stay filed on December 4, 2017, Petitioner acknowledged that he did not exhaust state remedies for some of these claims.  He asked the Court to hold his habeas petition in abeyance while he presented his unexhausted claims to the state court in a motion for relief from judgment.  (Mot., ECF No. 3.)

On December 13, 2017, the Court determined that, even though the habeas petition contained some unexhausted claims, a stay was unnecessary because Petitioner did not appear to be at risk of having a subsequent petition barred by the applicable statute of limitations.  Accordingly, the Court dismissed the petition without prejudice. (Order, ECF No. 4.)  On March 25, 2020, Petitioner returned to this Court with his amended petition, application to proceed without prepaying fees or costs, motion to re-open his case, and two other motions.  (ECF Nos. 5-9.)

## II.  Discussion

### A.  The Motion to Re-Open and the Application to Proceed without Prepaying Fees or Costs

Petitioner alleges in his motion to re-open this case that he exhausted state remedies for all his claims as of February 4, 2020, when the Michigan Supreme Court entered an order in his criminal case.  Accordingly, the Court grants Petitioner's motion to re-open this case (ECF No. 7).  The Court denies as unnecessary Petitioner's application to proceed without prepaying fees and costs (ECF No. 6), because he paid the filing fee for this action when he filed his initial petition, and there is no fee for re-opening the case.

The Court orders the Clerk of Court to serve a copy of this order and the amended habeas corpus petition on the Michigan Attorney General and Petitioner's warden.  To facilitate this process, the Court orders the Clerk of Court to amend the docket to show that Petitioner is now incarcerated at the Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, 49784, where Connie Horton is the warden.  The new caption for this case is "*Travis Louis Grimes v. Connie Horton.*"

The State shall have six (6) months from the date of this order to file a response to the amended petition and the relevant portions of the state-court record.  Petitioner shall have forty-five (45) days from the date of the State's response to file a reply.

### B.  The Motions for an Evidentiary Hearing and for Appointment of Counsel

Petitioner seeks an evidentiary hearing because the state courts allegedly deprived him of an opportunity to prove important facts.  He appears to want appointment of counsel in the interests of justice and to assist him at the evidentiary hearing he seeks.

4

A federal court must appoint counsel for a qualified petitioner when an evidentiary hearing is warranted.  Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  Nevertheless, it is too early to determine whether an evidentiary hearing is warranted; the State has not filed an answer to the habeas petition or the state-court record.  Accordingly, the Court denies without prejudice Petitioner's motion for an evidentiary hearing (ECF No. 8) and his motion for appointment of counsel (ECF No. 9).  The Court will reconsider those motions, if necessary, following receipt of the State's response to the habeas petition and the relevant portions of the state-court record.  It will *not* be necessary for Petitioner to renew his motions.

## ORDER

The Court:

(1) **GRANTS** Petitioner's motion to re-open this case (ECF No. 7) and **DENIES** as unnecessary Petitioner's application to proceed without prepaying fees or costs (ECF No. 6);

(2) **ORDERS** the Clerk of Court to (A) **RE-OPEN** this case for statistical purposes, (B) **AMEND** the docket and caption as explained above, and (C) **SERVE** a copy of this order and the amended habeas corpus petition on the State;

(3) **ORDERS** the State to file a response to the amended petition and the relevant portions of the state-court record within **six (6) months** of the date of this order;

(4) **ORDERS** Petitioner to file any reply to the State's responsive pleading within **forty-five (45) days** of the date of the responsive pleading; and

(5) **DENIES** without prejudice Petitioner's motions for an evidentiary hearing and appointment of counsel (ECF Nos. 8 and 9).

IT IS SO ORDERED.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
Dated: 7/16/2020                    United States District Judge