UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS LOUIS GRIMES,

      Petitioner,

v.

CONNIE HORTON,

      Respondent.

Case No. 17-cv-13076
Honorable Victoria A. Roberts

---

**ORDER DISMISSING PETITION (ECF NO. 1), DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

On September 15, 2017, Petitioner Travis Louis Grimes, a prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his convictions for first-degree premeditated murder and felony-firearm.  He raises five grounds for relief.  The Court concludes that Petitioner's claims do not warrant relief and denies the petition. The Court also denies a certificate of appealability and leave to appeal *in forma pauperis*.

## I.      BACKGROUND

On April 16, 2015, a Wayne County jury convicted Petitioner of first-degree premeditated murder, Mich. Comp. Laws § 750.316, and possession of a firearm during the commission of a felony ("felony firearm"), second offense, Mich. Comp. Laws § 750.227b.  The Michigan Court of Appeals adequately summarized the facts in its opinion on direct appeal; the facts below are presumed to be correct on habeas review, *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> This matter arises out of a dispute between Marquis Crooks, defendant, and Starleshay Ballard (defendant's girlfriend), which resulted in Marquis's death on September 9, 2014. A number of Marquis' family members and friends

witnessed the events leading up to the murder, including his two sisters, Latrice Clark and Kristina Clark; his brother, Julius Crooks; and two of his friends, Carmela Allen and Ramon Ford. Ballard's daughter was also present during the incident.

Although the eyewitnesses provided slightly varying descriptions of the events, it was generally agreed that defendant and Marquis got into a heated argument on September 8, 2014. The next day, Marquis, Julius, Kristina, Ballard, and Ballard's daughter were involved in a confrontation related to the previous argument. It was undisputed that defendant stepped out of his house during the confrontation and shot Marquis, causing his death.

The key facts in dispute at trial, however, were (1) whether Marquis was armed with a rifle at the time that he was shot and (2) who instigated the September 9, 2014 confrontation. Marquis' friends and family members all testified that he was not armed during the incident, but Ballard and defendant testified that Marquis was armed with a rifle and that he pointed it toward them just before the shooting. Allen, Ford, and Julius asserted that Ballard began shouting a Marquis before the shooting, without any justification, while Ballard testified that a group of eight people, including Marquis, surrounded her and wanted to fight.

*People v. Grimes*, No. 327489, 2016 WL 5405239, at *1 (Mich. Ct. App. Sept. 27, 2016) (unpublished).

The trial court sentenced Petitioner to life imprisonment without parole for the first-degree murder conviction and five years' imprisonment for the felony-firearm conviction. Petitioner filed a direct appeal to the Michigan Court of Appeals.  On appeal, Petitioner claimed that his constitutional right to present a defense was violated when the trial court made statements during the trial that had the effect of excluding testimony from a potential defense witness.   He also claimed that defense counsel was ineffective for failing to request a continuance or adjournment so that the witness could be produced the next day.  The Michigan Court of Appeals denied relief on his claims and affirmed his convictions.  *Grimes*, 2016 WL 5405239 at * 6.  On May 2, 2017, the Michigan Supreme Court denied leave to appeal, *People v. Grimes*, 500 Mich. 983, 894 N.W.2d 44 (2017).

On September 15, 2017, Petitioner filed a *pro se* habeas corpus petition in this Court challenging his state convictions for first-degree murder and felony firearm.  About three months later on December 4, 2017, Petitioner filed a motion to stay this case to allow him to return to state court and pursue state remedies.   Petitioner conceded in his motion to stay that some of his claims were unexhausted.  On December 13, 2017, the Court denied the motion to stay and dismissed the habeas petition without prejudice on the basis that Petitioner had enough time to return to state court, exhaust his remedies, and file a subsequent habeas corpus petition in federal court without running afoul of the statute of limitations.

On April 16, 2018, Petitioner filed a motion for relief from judgment in the trial court asserting that: (1) the trial court denied his right to a fair trial when it combined all the self-defense instructions into one instruction, (2) critical errors occurred during the trial judge's instructions to the jurors where key defense evidence was not considered during the deliberative process, (3) defense counsel rendered ineffective assistance when he failed to object to the trial court's decision to combine the self-defense instructions, (4) appellate counsel was ineffective for failing to provide Petitioner with the trial transcripts which prevented him from filing his Standard 4 brief.  (ECF No. 17-10, PageID.1068-69.)

The trial court denied the motion for relief from judgment ruling that Petitioner failed to demonstrate good cause for failing to raise the first three claims on direct review and show actual prejudice as a result, citing Michigan Court Rule 6.508(D)(3)(a) and (b).   With respect to Petitioner's ineffective-assistance-of-appellate-counsel claim, the trial court denied that claim on the merits.  (ECF No. 17-11.)  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied because Petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Grimes*, 500 Mich. 983, 894

N.W.2d 44 (2017).   The Michigan Supreme Court denied Petitioner's application for leave to

appeal.  *People v. Grimes*, 937 N.W.2d 652 (Mich. 2020).

On March 25, 2020, Petitioner returned to this Court with his motion to reopen the

habeas proceedings and amended petition raising the following claims:

> I.       Trial court denied ability to present a defense, and ineffective assistance of
> trial counsel. Trial court statements had effect of excluding testimony of defense
> witness, then defense counsel was ineffective for failing to request a continuance
> or adjournment of the trial to produce the endorsed defense witness the following
> day.
>
> II.      Trial court error in combining all of the self-defense instructions. The
> structural error in jury instructions eliminated a defense theory from
> consideration.
>
> III.     Structural error with jury instructions. The trial court failed to properly
> instruct the jury on the essential elements of the self-defense theory.
>
> IV.      Ineffective assistance of trial counsel. Trial counsel failed to object to the
> trial court judge's decision to combine the self-defense instruction.
>
> V.       Ineffective assistance of appellate counsel (failure to present claims and
> transcripts).

(ECF No. 5.)

On July 16, 2020, the Court granted Petitioner's request and reopened the case.

Respondent subsequently filed an answer in opposition to the amended petition for a writ of

habeas corpus contending that it should be denied because certain claims are procedurally

defaulted, and all of the claims lack merit.  Petitioner filed a reply to that answer.

## II.       STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any

4

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

    (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

## III.    DISCUSSION

The Court notes preliminarily that although Respondent argues Petitioner has procedurally defaulted all but one of his claims of error, it is not obligated to address that defense

because procedural default is not a jurisdictional bar to review of the merits.  *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir 2020); *Trest v. Cain*, 522 U.S. 87, 89 (1997)); *see also Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)) ("[F]ederal courts are not required to address a procedural default issue before deciding against the petitioner on the merits[.]")  The Sixth Circuit notes its own decisions "may sometimes reach the merits of a petitioner's claim, particularly when the merits are easily resolvable against the petitioner while the procedural issues are complicated." *Smith*, 962 F.3d at 207 (citing *Lambrix*, 520 U.S. at 525); *see also id.* (finding "resolution of the procedural issues . . .  not necessary [and] that the claim is better resolved on the merits").

The procedural default analysis will not affect the outcome of this case, and it is more efficient for the Court to proceed directly to the merits of Petitioner's claims.

A. Right to Present a Defense and Related Ineffective Assistance of Counsel Claim

Petitioner first argues that the trial court denied him the opportunity to present a complete defense when it precluded the testimony of a potential defense witness.  He also brings a related claim that defense counsel was ineffective for failing to request an adjournment or continuance to produce the witness the following day.

1.

After the prosecution presented its case-in-chief, defense counsel informed the trial court that he subpoenaed two defense witnesses to testify—Starleshay Ballard and her thirteen-year-old daughter.  (ECF No. 17-7, PageID.875-76.)  He further informed the court that Ballard expressed an unwillingness to testify as well as a reluctance to produce her daughter as a witness. *Id.* at 876.  The trial court questioned Ballard and the following dialogue transpired:

> THE COURT: Okay. Now you've been requested to give testimony in regard to this case on behalf of the defendant, Mr. Grimes; is that right?

6

MS. BALLARD: Yes.

THE COURT: Okay. Are you desirous of giving testimony in regard to this case or not, what?

MS. BALLARD: Yes.

THE COURT: You are desirous of giving testimony?

MS. BALLARD: Yes, sir.

THE COURT: Okay, very good. And your daughter has as well been requested to give testimony on behalf of Mr. Grimes. Are you prepared to produce her to give testimony?

MS. BALLARD: Not today. She's in school. I brought her the other day. Today I was told that I only needed to be here.

THE COURT: Today is it. Today is it. Okay, very good. Mr. Kinney, who do you wish to call first, your client or Ms. Ballard?

MR. KINNEY: Ms. Ballard.

(ECF No. 17-7, PageID.877.)

Petitioner asserts that the trial court violated his right to present a complete defense by effectively precluding Ballard's daughter from testifying.  The Michigan Court of Appeals determined that Petitioner's constitutional claim was unpreserved because defense counsel failed to object to the trial court's statements that allegedly violated his right to present a defense, and it went on to find that the evidentiary error was harmless, stating in pertinent part that:

> To the extent that defendant's argument may be understood as contending that the trial court effectively denied him the opportunity to seek an adjournment or continuance in order to present Ballard's daughter as a witness, we reject defendant's claim, as there is nothing in the record to support such a contention. A defendant's right to present a defense "is not absolute," and "[a] defendant must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Daniels*, 311 Mich. App at 265 (quotation marks and citation omitted).

"MCR 2.503 is the established rule of procedure that governs adjournments, particularly to secure the testimony of a witness." Id. MCR 2.503 provides, in relevant part:

> (B) Motion or Stipulation for Adjournment.
>
> > (1) Unless the court allows otherwise, a request for an adjournment must be by motion or stipulation made in writing or orally in open court based on good cause.
>
> * * *
>
> (C) Absence of Witness or Evidence.
>
> > (1) A motion to adjourn a proceeding because of the unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts.
> >
> > (2) An adjournment may be granted on the ground of unavailability of a witness or evidence only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence.

Thus, under MCR 2.503(C),

> to invoke the trial court's discretion to grant a continuance or adjournment, a defendant must show both good cause and diligence. "Good cause" factors include "whether defendant (1) asserted a constitutional right, (2) had a legitimate reason for asserting the right, (3) had been negligent, and (4) had requested previous adjournments." Even with good cause and due diligence, the trial court's denial of a request for an adjournment or continuance is not grounds for reversal unless the defendant demonstrates prejudice as a result of the abuse of discretion. [*People v. Coy*, 258 Mich. App 1, 18–19; 669 NW2d 831 (2003) (citations omitted).]

Defendant never requested an adjournment or a continuance in accordance with MCR 2.503(B)(1), and the defense rested its case without any indication that it still wished to call Ballard's daughter as a witness. Further, defendant made no attempt in the trial court, and he makes no attempt on appeal, to demonstrate good cause for an adjournment or due diligence in attempting to secure her presence, and the record undermines such a showing. See MCR 2.503(C)(2); *Coy*, 258 Mich. App at 18–19. It is clear that defendant was well aware that testimony from Ballard's daughter could have been valuable to the defense, as he had first-hand knowledge that she was an eyewitness to the shooting and the events surrounding it. He was in regular contact with Ballard, speaking to her by phone numerous times during his pretrial incarceration. However, he failed to take steps to ensure that Ballard's daughter would be available to testify at trial, even after he was put

on notice at the April 3, 2015 final conference that Ballard had initially refused service of a subpoena and may not produce her daughter at the trial, and the trial court specifically advised defendant to get in touch with Ballard and her daughter if he wished to secure their presence at trial.

Moreover, even if we assume, arguendo, that the trial court's statements amounted to a refusal to allow the defense to call Ballard's daughter as a witness because of her absence, such a refusal would not have violated defendant's constitutional right to present a defense. As mentioned above, defendant relied on a theory of self-defense and defense of others at trial. In support of this defense, he testified regarding the actions of Marquis and his family and alleged that he only shot Marquis in order to protect himself, Ballard, and Ballard's daughter. Ballard also provided testimony concerning the circumstances leading up to the shooting that supported defendant's theory of self-defense and defense of others. Because defendant was, in fact, able to present other evidence that supported his defense theory, his constitutional rights were not violated. *See People v. Mesik (On Reconsideration)*, 285 Mich. App 535, 537–538; 775 NW2d 857 (2009); *People v. Herndon*, 246 Mich. App 371, 411; 633 NW2d 376 (2001). Additionally, although defendant speculates on appeal that testimony from Ballard's daughter would have bolstered his defense, there is simply no evidence in the record that Ballard's daughter would have corroborated his version of the events if she had testified at trial.

Defendant has failed to demonstrate that the trial court erred, that the trial court's alleged error affected the outcome of the trial, and, therefore, that the trial court committed a plain error affecting his substantial rights. *See Carines*, 460 Mich. at 763–764.

*People v. Grimes*, No. 327489, 2016 WL 5405239, at *3-4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The right of an accused to present a defense has long been recognized as "a fundamental element of due process." *Washington v. Texas*, 388 U.S. 14, 19 (1967); *see also Holmes v. South Carolina*, 547 U.S. 319, 329-31 (2006) (state rule excluding evidence of third party guilt based solely on strength of prosecution's case violated defendant's right to present a defense); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (exclusion of hearsay statements critical to defense which "bore persuasive assurances of

trustworthiness," coupled with refusal to permit cross-examination of the declarant, violated defendant's right to due process).

A defendant's right to present evidence is not unlimited, however, and may be subject to "reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). A defendant "does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996) (quoting *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)); *see also Holmes*, 547 U.S. at 326 (recognizing that "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury"). When deciding if the exclusion of evidence impairs a defendant's rights, the question is not whether the excluded evidence would have caused the jury to reach a different result. The question is whether the defendant was afforded "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)); *see also Chambers*, 410 U.S. at 302.

The state court correctly determined that Petitioner failed to establish that he was denied his constitutional right to present a defense.  First, the state-court record does not support Petitioner's assertion that the trial court excluded the testimony of Ballard's daughter.  The trial court did not make any ruling with respect to Ballard's daughter's testimony.  When questioning Ballard whether her daughter was available to testify, Ballard informed the court that her daughter was in school.  The trial court responded, "Today is it. Today is it."  (ECF No. 17-7, PageID.877.)  Although Petitioner urges this Court to interpret the trial court's statements as constitutionally interfering with his right to present a defense, the fact that he never requested a

continuance or adjournment in accordance with Michigan Court Rule with MCR 2.503(B)(1), nor gave the slightest indication that he wished to call Ballard's daughter as a witness on another day, defeats his claim.  Petitioner was clearly aware that Ballard's daughter was an eyewitness to the shooting and the events leading up to the victim's death.  It was Petitioner's responsibility to secure and produce any defense witness at the appropriate time.  As such, the trial court did not preclude Petitioner from presenting his defense and he was afforded a meaningful opportunity to do so.

Second, even if this Court accepted Petitioner's argument as true, the trial court's refusal to allow Ballard's daughter to testify did not violate his right to present a defense.  Petitioner presented ample evidence in support of his theory of self-defense and defense of others. Petitioner testified on his own behalf and claimed that he saw the victim with a gun heading toward Petitioner's house, shot at the victim to protect his family, and then ran, "fearing for [his] life." (ECF No. 17-7, PageID.940, 943, 945.)  Ballard testified and provided corroborating evidence to support Petitioner's self-defense and defense-of-others theory.  (*Id*. at PageID.878-924.)  Petitioner also called Officer Danny Barbee to testify for the purpose of impeaching the testimony of one of the State's witnesses.  (ECF No. 17-7, PageID.927.)  Because Petitioner was able to substantially present his theory of the case, the exclusion of any additional testimony was harmless error.  For purposes of federal habeas review, a constitutional error is considered harmless if it did not have a "substantial and injurious effect or influence" on the outcome of the proceeding.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Ruelas v. Wolfenbarger*, 580 F.3d 403, 411 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in the Sixth Circuit).  To the extent any error occurred, it did not affect the outcome of the proceeding.

Moreover, Petitioner's claim is speculative. Nothing in the state-court record suggests Ballard's daughter's testimony would have supported Petitioner's theory of the case. And Petitioner has not proffered Ballard's daughter's testimony to this Court. A habeas petitioner is not entitled to habeas relief on a right to present a defense claim that is merely speculative. *See e.g. Berry v. Palmer*, 518 F. App'x. 336, 342 (6th Cir. 2013). Without knowing the precise nature of the excluded testimony, this Court is unable to establish whether the testimony would have been helpful to Petitioner. For these reasons, Petitioner is not entitled to habeas relief on this claim.

2.

Petitioner is also not entitled to habeas relief on his derivative claim that trial counsel was ineffective for failing to request an adjournment or continuance of the trial. The Michigan Court of Appeals rejected Petitioner's ineffective assistance of counsel claim on the basis that defense counsel's actions were reasonable trial strategy and he was not prejudiced by counsel's actions. The Court agrees with the Michigan Court of Appeals' application of federal law.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. When counsel is ineffective, that right is abridged. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). An ineffective assistance of counsel claim has two components. A petitioner must show that counsel's performance was deficient, and that deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). An attorney's performance meets the first element when "counsel's representation [falls] below an objective standard of reasonableness." *Id*. at 688. The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance

12

must be highly deferential." *Id.* at 689.  The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688) (quotation marks omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless a defendant demonstrates both deficient performance and prejudice, "it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable."  *Id.* at 687.

Success on ineffective assistance of counsel claims is relatively rare, because the *Strickland* standard is " 'difficult to meet.' " *White*, 572 U.S. at 419 (quoting *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013)).  And under AEDPA, obtaining relief under *Strickland* is even more difficult because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (citations and quotation marks omitted).  This doubly-deferential standard requires the Court to give "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013). "[T]he question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Richter*, 562 U.S. at 105.

To succeed on the first part of *Strickland*, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. The issue of ineffective assistance complained about seems to be a part of purposeful trial strategy, considering defense counsel's understanding of Ballard's prior reluctance to produce her daughter and the fact that both Petitioner and Ballard were able to testify. Petitioner has presented no evidence to overcome this presumption. Additionally, Petitioner has not shown that he was prejudiced by counsel's actions because it is unclear from the state record whether the trial court would have granted a request to continue the trial. Therefore, the state appellate court's decision that trial counsel was not ineffective was objectively reasonable.

Further, to the extent Petitioner also argues that counsel was ineffective for failing to call Ballard's daughter as a witness, he is not entitled to relief. When a habeas petitioner predicates an ineffective-assistance-of-counsel claim on a failure to call a witness, he must provide the content of the missing witness's potential testimony. *Clark v. Waller*, 490 F.3d 551, 557 (6th Cir. 2007). Without such a proffer, a petitioner cannot establish "that his counsel performed deficiently or that he was actually prejudiced." *Id*. (citing *Stewart v. Wolfenbarger*, 468 F.3d 338, 353 (6th Cir. 2006)). Petitioner did not provide the Court with any affidavit or witness statement. Therefore, he does not meet the requirements of *Strickland* or *Clark.* Petitioner is not entitled to habeas relief on this claim.

B.  Jury Instruction Claims

In his second and third habeas claims, Petitioner asserts that the trial court improperly combined the jury instructions on self-defense and defense-of-others. He argues that his "conviction was based on an erroneous combination of the two self-defense instructions because

each instruction requires a differen[t] level of 'reasonable fear,' and the combination of the two instructions omitted the lesser level of 'reasonable' fear from the jury consideration." (ECF No. 17-10, PageID.1065.)   He also argues that the trial court erred by instructing the jury that self-defense requires him to establish a "great fear."   The state trial court declined to address his claims on the merits, citing Michigan Court Rule 6.508(D)(3)(a) and (b). Therefore, the Court shall review the claim *de novo*.   The Court concludes Petitioner's jury instruction claims lack merit.

Typically, a claim that a trial court gave an improper jury instruction is not cognizable on habeas review.   Rather, Petitioner must show that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process."   *Henderson v. Kibbe*, 431 U.S. 145, 155, (1977); *see also Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (erroneous jury instructions may not serve as the basis for habeas relief unless they have "so infused the trial with unfairness as to deny due process of law"); *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000).   A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record.   *Jones v. United State*s, 527 U.S. 373, 391 (1999); *Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996).   State law instructional errors rarely form the basis for federal habeas relief.   *Estelle*, 502 U.S. at 71-72.

Petitioner's claims are not supported by Michigan law or the state-court record.   When instructing the jury, the trial court stated that "defendant claims that he acted lawfully to defend himself and/or another" and that the jury should consider, among other things, that "when he acted, the defendant must have honestly and reasonably believed that he and/or another were in danger." (ECF No. 17-8, PageID.1037.)   Under Michigan law, both self-defense and defense-of-others require the same showing of an honest and reasonable belief of danger.   *See People v.*

*Escalona-Martinez*, No. 283067, 2009 WL 30463, at *1 (Mich. Ct. App. Jan. 6, 2009) ("The elements of self-defense or defense of others are as follows: (1) the defendant honestly and reasonably believed there was danger; (2) the danger amounted to serious bodily harm or death; (3) the defendant's actions at the time were reasonably necessary for self-defense or defense of others; and (4) the defendant was not the initial aggressor."); *see also People v. Singh*, No. 312421, 2013 WL 6124224, at *3 (Mich. Ct. App. Nov. 21, 2013) ("The affirmative defenses of self-defense and defense of others apply if the defendant 'honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.' "). Because the jury instructions correctly conveyed the law, Petitioner cannot establish that the instructions rendered the trial fundamentally unfair.

C. Ineffective Assistance of Trial Counsel Claim

In his fourth claim, Petitioner asserts that defense counsel was ineffective for failing to object to the jury instructions. The state trial court considered and rejected this claim under Michigan Court Rule 6.508(D)(3)(a) and (b). Again, the Court shall review the claim *de novo*.

Given this Court's decision that the jury instructions were appropriate under state law and did not render the trial fundamentally unfair, Petitioner cannot establish that trial counsel erred and/or that he was prejudiced by counsel's conduct. Attorneys do not provide constitutionally ineffective assistance for electing not to take futile actions, *Richardson v. Palmer*, 941 F.3d 838, 857 (6th Cir. 2019) (citing *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000)), or for "failing to raise . . . meritless arguments." *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999); *see also Downs v. United States*, 879 F.3d 688, 691 (6th Cir. 2018); *Kelly v. Lazaroff*, 846 F.3d 819, 831 (6th Cir. 2017). Petitioner's ineffective assistance of trial counsel claim has no merit.

D. <u>Ineffective Assistance of Appellate Counsel Claim</u>

Lastly, Petitioner contends that he was denied a meaningful direct appeal by appellate counsel because he was not provided with copies of the trial transcripts to prepare his own pro per supplemental Standard 4 brief on appeal.  He also argues appellate counsel was ineffective for failing to raise the claims asserted in his post-conviction motion for relief from judgment.  The trial court denied both claims on the merits.  The trial court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law.

With respect to the trial transcripts issue, Petitioner fails to state a claim upon which relief can be granted.  A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction.  *Martinez v. Court of Appeal of California*, 528 U.S. 152, 163 (2000).  This is because the rights protected by the Sixth Amendment, including the right to self-representation, are rights that are available to prepare for trial and at the trial itself.  However, "[t]he Sixth Amendment does not include any right to appeal."  *Id*. at 160.  The Supreme Court also rejected the idea that the "right to self-representation on appeal . . . [could] be grounded in the Due Process Clause [of the Fourteenth Amendment because,] [u]nder the practices that prevail in the Nation today, however, we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self-representation is a necessary component of a fair appellate proceeding."  *Id*. at 161.

Thus, there is no "constitutional entitlement to submit a pro se appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by [appellate] counsel." *See McMeans v. Brigano*, 228 F. 3d 674, 684 (6th Cir. 2000).  By accepting the assistance of counsel, the criminal appellant waives his or her right to present pro se briefs on direct appeal.

*Myers v. Johnson*, 76 F. 3d 1330, 1335 (5th Cir. 1996); *see also Henderson v. Collins*, 101 F. Supp. 2d 866, 881 (S.D. Ohio 1999); aff'd in part, vacated in part on other grds, 262 F. 3d 615 (6th Cir. 2001) (finding defendant who was represented by counsel and also sought to submit pro se brief upon appeal did not have right to such hybrid representation).

Because Petitioner chose to be represented by appellate counsel, any failure by appellate counsel to provide petitioner with the trial transcripts so that he could prepare his own pro se brief did not violate petitioner's constitutional rights.  *See U.S. v. Dierling*, 131 F.3d 722, 734, n. 7 (8th Cir. 1997); *Foss v. Racette*, No. 1:12-CV-0059, MAT 2012 WL 5949463, * 4 (W.D.N.Y. Nov. 28, 2012); *see also Willis v. Lafler*, No. 05-74885, 2007 WL 3121542, * 18 (E.D. Mich. Oct. 24, 2007) (finding petitioner not entitled to habeas relief based upon trial court's failure to rule on petitioner's post-trial motion to compel copies of transcripts and videotapes when petitioner was represented by appellate counsel).  Therefore, Petitioner is not entitled to relief on this claim.

Further, appellate counsel was not ineffective for failing to raise the claims asserted in Petitioner's post-conviction motion for relief from judgment.  It is true that the Sixth Amendment guarantees a defendant the right to the effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985); *Halbert v. Michigan*, 545 U.S. 605, 609-10 (2005). But court appointed appellate counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). A habeas court reviewing an ineffective-assistance-of-appellate-counsel claim must defer twice: first to appellate counsel's decision not to raise an issue, and secondly, to the state court's determination that appellate counsel was not ineffective. *Woods v. Etherton*, 578 U.S. 113, 119 (2016) (per curiam).  Petitioner's appellate attorney did not perform deficiently by not raising the

issues presented in his motion for relief from judgment. For all of the reasons stated above, Petitioner has not shown that any of the claims that he wanted his appellate counsel to raise on direct review were meritorious. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Therefore, counsel was not ineffective in failing to raise them.

## IV. CERTIFICATE OF APPEALABILITY

The Court declines to grant a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In addition, reasonable jurists could not disagree with the Court's resolution of Petitioner's constitutional claims, nor conclude that the claims deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Therefore, the Court will deny a certificate of appealability.

## V. ORDER

Based upon the foregoing, The Court:

(1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus;

(2) **DENIES** a certificate of appealability; AND

(3) **DENIES** Petitioner leave to appeal *in forma pauperis*.

**ORDERED.**

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
United States District Judge

Dated: July 10, 2023

19